IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>     v.<br><br>ASHLEY CLARK, ANGELA CLARK, KEITH CLARK, and The Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of the Deceased Borrower, CHARLES M. CLARK, and the Unknown Spouses of the Deceased Borrower and other Defendants; Unknown Stockholders, Officers, Successors, Trustees, Creditors and Assignees of Defendants as are existing, dissolved or dormant corporations; Unknown Executors, Administrators, Devisees, Trustees, Creditors, Successors and Assignees of Defendants as are or were partners or in partnership; and Unknown Guardians, Conservators and Trustees of Defendants as are minors or are in any way under legal disability; and Unknown Heirs, Executors, Administrators, Devisees, Legatees, Trustees, Creditors and Assignees of any Person alleged to be deceased and made Defendants,<br><br>                  Defendants. | Civil No. 19-2605 |

## COMPLAINT

COMES NOW the United States of America, by Stephen R. McAllister, United States Attorney for the District of Kansas, and Andrea L. Taylor, Assistant United States Attorney, and for its cause of action alleges:

1.      This is a civil action for foreclosure of a Mortgage brought by the United States of America under the provisions of 28 U.S.C. § 1345.

2.      Service may be made upon the Defendants in the following manner:

a.      Ashley Clark may be served the Summons and a copy of the Complaint at 805 Smith Avenue, Salina, Kansas 67401-7033, within the jurisdiction of this Court.

b.      Angela Clark may be served the Summons and a copy of the Complaint at 913 University Place, Salina, Kansas 67401, within the jurisdiction of this Court.

c.      Keith Clark may be served by publication since his address is unknown.

d.      The Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of the Deceased Borrower and the Unknown Spouses of the Deceased Borrower and other Defendants; the Unknown Stockholders, Officers, Successors, Trustees, Creditors and Assignees of Defendants as are existing, dissolved or dormant corporations; Unknown Executors, Administrators, Devisees, Trustees, Creditors, Successors and Assignees of Defendants as are or were partners or in partnership; and Unknown Guardians, Conservators and Trustees of Defendants as are minors or are in any way under legal disability; and Unknown Heirs, Executors, Administrators, Devisees, Legatees, Trustees, Creditors and Assignees of any Person alleged to be deceased and made Defendants, by publication, since the addresses of these Defendants is unknown.

3.      The original borrower, Gregory L. Scharff, executed and delivered to Plaintiff, United States, acting through the Farmers Home Administration, now the Rural Housing Service,

2

United States Department of Agriculture, a promissory note on March 31, 1993, in which he promised to pay Plaintiff United States, the principal amount of $72,000.00, with interest at 7.7500 percent per annum on the unpaid balance.  As consideration for the note, Plaintiff United States made a Rural Housing loan to Gregory L. Scharff, pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471 *et seq*.).  A true and correct copy of the Note is attached as Exhibit A

4.      On March 31, 1993, to secure the payment of the indebtedness, Gregory L. Scharff executed and delivered a purchase-money security interest in the form of a real estate mortgage upon certain real property commonly known as 33342 W. 87th Circle, DeSoto, Kansas, and located in Johnson County, Kansas, within the jurisdiction of this court, described as follows:

> Lot 6, Block 2, DEMEADOWS 1ST PLAT, a subdivision in the City of DeSoto, Johnson County, Kansas.

This real estate mortgage was filed on March 31, 1993, in the Office of the Register of Deeds of Johnson County, Kansas, as Document No. 2230770 in Volume 3884 at Page 219.  A true and correct copy of the Mortgage is attached as Exhibit B.

5.      On November 12, 1993, deceased borrower Charles M. Clark executed and delivered to Plaintiff United States, an Assumption Agreement wherein he agreed to assume the entire unpaid indebtedness under the promissory note and real estate mortgage executed by Gregory L. Scharff on March 31, 1993.  Deceased borrower Charles M. Clark agreed that the provisions of the promissory note and real estate mortgage would remain in full force and effect except as modified in the Assumption Agreement.  Deceased borrower Charles M. Clark further agreed to assume the obligations and be bound by and comply with all covenants, agreements and conditions contained in the promissory note and real estate mortgage, except as modified in the

Assumption Agreement, as if he had executed them on the original dates of the documents as principal obligor.  A true and correct copy of the Assumption Agreement is attached as Exhibit C.

6.      At the same time, deceased borrower Charles M. Clark executed and delivered to Plaintiff, United States of America, a promissory note on November 12, 1993, in which he promised to pay Plaintiff the principal amount of $3,570.00, together with interest thereon at the rate of 6.5000 percent per annum on the unpaid balance.  As consideration for the note, Plaintiff United States made a Rural Housing loan to him, pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471 *et seq*.).  A true and correct copy of the Note is attached as Exhibit D.

7.      On November 12, 1993, to secure payment of the two promissory notes, deceased borrower Charles M. Clark executed and delivered a purchase-money security interest in the form of a real estate mortgage upon certain real property commonly known as 33342 W. 87th Circle, DeSoto, Kansas, and located in Johnson County, Kansas, within the jurisdiction of this court, described as follows:

> Lot 6, Block 2, DEMEADOWS 1ST PLAT, a subdivision in the City of DeSoto, Johnson County, Kansas.

This real estate mortgage was filed on November 12, 1993, in the Office of the Register of Deeds of Johnson County, Kansas, as Document No. 2322251 in Volume 4142 at Page 229.  A true and correct copy of the Mortgage is attached as Exhibit E.

8.      Pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. § 3550.162, the real estate mortgage also secured the recapture of interest credit or subsidy granted to deceased borrower Charles M. Clark.  The total amount of interest credit or subsidy subject to recapture is $19,073.57, such amount to be recovered *in rem* only, and only after recovery of the principal (including advances and other recoverable costs) and

4

accrued interest through the date of any judgment. A true and correct copy of the Subsidy Repayment Agreement, dated November 12, 1993, is attached as Exhibit F.

9.     Plaintiff United States is the owner and holder of the liability and security documents as set out above, attached as Exhibits A-F.

10.     Deceased borrower Charles M. Clark failed to pay installments of principal and interest when due in violation of the liability and security documents set out above. Plaintiff United States elected to exercise its option to declare the entire unpaid principal balance plus interest to be immediately due and payable and made demand for these amounts. No payment has been received after acceleration.

11.     The amount due on the promissory notes is principal in the amount of $40,137.38 (including unpaid principal of $35,885.58, escrow replenish of $2,421.63, agency title report fees of $250.00, nonsufficient funds of $15.00, and escrow fees of $1,565.17) as of February 21, 2019; plus interest in the amount of $2,053.59 (including interest on principal of $1,889.14 and interest on advances of $164.45) accrued to February 21, 2019; plus interest accruing thereafter at the daily rate of $6.8661 (including daily interest on principal of $6.3904 and daily interest on advances of $0.4757) to the date of judgment; plus administrative costs (including lis pendens filing fee and title report expenses) pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred. Plaintiff United States is also owed *in rem* judgment in the amount of $19,075.37 for interest credit or subsidy subject to recapture; plus interest after the date of judgment at the rate set forth in 28 U.S.C. § 1961; and foreclosure of all Defendants' interests in the subject real property.

12.     No other action has been brought to recover these sums.

13. Plaintiff United States has completed all loan servicing requirements of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.) and all rules and regulations issued pursuant thereto.

14. The following Defendants may claim an interest in the real estate that is the subject of this action:

     a.    Defendant Ashley Clark may claim an interest as an heir at law of deceased borrower Charles M. Clark.

     b.    Defendant Angela Clark may claim an interest as an heir at law of deceased borrower Charles M. Clark.

     c.    Defendant Keith Clark may claim an interest as an heir at law of deceased borrower Charles M. Clark.

     d.    The Unknown Heirs, and other unknown defendants listed in paragraph 2 of this complaint, may claim an interest by and through Charles M. Clark.

15. The indebtedness due Plaintiff is a first and prior lien on the property described above.

16. The interests of all Defendants are junior and inferior to the interests of Plaintiff United States of America.

17. By execution of the March 31, 1993, Mortgage; the original borrower Gregory L. Scharff agreed that Plaintiff United States, acting through the Rural Housing Service, would not be bound by any present or future State laws allowing for any right of redemption or possession of the real estate following any foreclosure sale.  Exhibit B, paragraph 19.

18. By execution of the November 12, 1993, Assumption Agreement and Mortgage, deceased borrower Charles M. Clark also agreed that Plaintiff United States, acting through the

Rural Housing Service, would not be bound by any present or future State laws allowing for any right of redemption or possession of the real estate following any foreclosure sale. Exhibit C, paragraph 3; Exhibit E, paragraph 19. Therefore, deceased borrower Charles M. Clark waived all rights of redemption and there is no right of redemption for any party, including lien creditors.

WHEREFORE Plaintiff United States demands an *in rem* judgment of foreclosure for principal in the amount of $40,137.38 (including unpaid principal of $35,885.58, escrow replenish of $2,421.63, agency title report fees of $250.00, nonsufficient funds of $15.00, and escrow fees of $1,565.17) as of February 21, 2019; plus interest in the amount of $2,053.59 (including interest on principal of $1,889.14 and interest on advances of $164.45) accrued to February 21, 2019; plus interest accruing thereafter at the daily rate of $6.8661 (including daily interest on principal of $6.3904 and daily interest on advances of $0.4757) to the date of judgment; plus administrative costs (including lis pendens filing fee and title report expenses) pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred. Plaintiff further demands *in rem* judgment in the amount of $19,075.37 for interest credit or subsidy subject to recapture; plus interest after the date of judgment at the rate set forth in 28 U.S.C. § 1961.

Plaintiff further demands that its Mortgages be declared a first and prior lien on the real property and that such advances as the Plaintiff may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as a first and prior lien on the security.

Plaintiff further demands that the United States of America be granted judgment foreclosing its mortgages on the subject real property and the interests of all Defendants.

Plaintiff further demands that the judgment granted the United States of America in the Order and Judgment is the final judgment of this Court.

Plaintiff further demands that all legal right, title and interest which the Defendants have in the real property be foreclosed, and the real property be sold at public sale to the highest bidder, in accordance with 28 U.S.C. §§ 2001-2003, inclusive, with no right of redemption in any party, and that the sale be subject to any unpaid real estate taxes, special assessments and easements of record.

Plaintiff further demands that it may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale, and that the sale proceeds be applied in the following order:

(1)     Filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2)     The costs of this action and the foreclosure sale;

(3)     The interest accruing on Plaintiff's *in rem* judgment of foreclosure;

(4)     Plaintiff's *in rem* judgment of foreclosure;

(5)     The interest accruing on Plaintiff's *in rem* judgment for interest credit or subsidy subject to recapture;

(6)     Plaintiff's *in rem* judgment for interest credit or subsidy subject to recapture; and,

(7)     Any remaining balance should be held by the Clerk of the District Court to await the Court's further order.

Plaintiff further demands that all right, title, and interest in and to the real property of the Defendants, and of all persons claiming by, through or under them be decreed to be junior and inferior to the Plaintiff's Mortgages and be absolutely barred and foreclosed.

Plaintiff further prays that, if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee or assigns, ordering and directing the United States Marshal to place the grantee or assign, in full, complete, and peaceful possession of the real property.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney
District of Kansas

s/ Andrea L. Taylor
ANDREA L. TAYLOR
Assistant United States Attorney
KS Fed. Bar No. 70422
500 State Avenue, Suite 360
Kansas City, Kansas 66101
PH: (913) 551-6730
FX: (913) 551-6541
Email: andrea.taylor@usdoj.gov
Attorneys for the Plaintiff

## REQUEST FOR PLACE OF TRIAL

Plaintiff United States of America hereby requests that trial of the above-entitled matter be held in the City of Kansas City, Kansas.

s/ Andrea L. Taylor
ANDREA L. TAYLOR
Assistant United States Attorney

**INDEX OF EXHIBITS TO**
**UNITED STATES OF AMERICA'S**
**COMPLAINT**


Exhibit A:    March 31, 1993, Promissory Note

Exhibit B:    March 31, 1993, Mortgage

Exhibit C:    Assumption Agreement

Exhibit D:    November 12, 1993, Promissory Note

Exhibit E:    November 12, 1993, Mortgage

Exhibit F:    Subsidy Repayment Agreement

**<u>Exhibit A</u>**

**March 31, 1993, Promissory Note**

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

| TYPE OF LOAN |
|---|
| RH502 |

| STATE |
|---|
| KANSAS |
| COUNTY |
| JOHNSON |
| CASE NO. |
| 18-46- |

Date ___March 31___, 19_93_.

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in ___100 N. Angela,___

___Suite 2, Paola, KS  66071___

THE PRINCIPAL SUM OF___SEVENTY TWO THOUSAND AND NO/100———————————

DOLLARS ($__72,000.00_____), plus INTEREST on the UNPAID PRINCIPAL of

__SEVEN AND THREE QUARTERS__ PERCENT (__7.7500__%) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.    Principal and Interest payments shall be deferred. The interest accrued to _____, 19____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19____, through _____, 19____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.    Payments shall not be deferred. Principal and Interest shall be paid in ___396___ installments as indicated in the box below:

| $__505.00__ | on ___April 28___, 19_93_, and |
|---|---|
| $__505.00__ | thereafter on the ___28th___ of each ___Month___ |

until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and PAYABLE ___THIRTY THREE___ (___33___) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR Part 3017.

Presentment, protest, and notice are hereby waived.

_Gregory L. Scharff_     _(BORROWER)_    **(SEAL)**

Gregory L. Scharff     _(BORROWER)_

_____    **(SEAL)**
                  _(CO-BORROWER)_

33342 W. 87th
_____

DeSoto, KS  66018
_____

_____

| | RECORD OF ADVANCES | | | | |
|---|---|---|---|---|---|
| **AMOUNT** | **DATE** | **AMOUNT** | **DATE** | **AMOUNT** | **DATE** |
| (1) $ 72,000.00 | 03/31/93 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $  72,000.00 | 03/31/93 |

**<u>Exhibit B</u>**

**March 31, 1993, Mortgage**



~~UNITED~~ **HILE**
of Johnson County, Inc.

USDA-FmHA *2 3 789*

Form FmHA 427-1 KS

(Rev. 3-91)

*Position 5* /

**2230770**

**REAL ESTATE MORTGAGE FOR KANSAS**

THIS MORTGAGE is made and entered into by _____GREGORY L. SCHARFF, A SINGLE PERSON_____

residing in _____Johnson_____ County, Kansas, whose post office address is

_____33342 W. 87th_____ _____DeSoto_____, Kansas_____66018_____

herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," and

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| March 31, 1993 | $72,000.00 | 7.7500 | March 31, 2026 |



STATE OF KANSAS )ss
COUNTY OF JOHNSON )

FILED FOR RECORD

**93 MAR 31  P 4: 23.2**

*12⁰⁰*

SARA F.ULLMANN
REGISTER OF DEEDS

REGISTRATION FEE
Amount of Indebtedness $_____

Fee $_____ Per Line _____
day re _____ 00 10Km
Registration fee _____

REGISTER OF DEEDS
JOHNSON COUNTY KANSAS

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

And this instrument also secures future advances made to any one herein called borrower under a note or notes covering loans made or insured under the Consolidated Farm and Rural Development Act of Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration, for the total principal indebtedness of the original future loans and advances subject to the same terms and conditions regarding the assignment of said notes as hereinabove provided, and all references in this instrument to the "note" shall be deemed to include future notes and advances.

NOW, THEREFORE, in consideration of the loan(s) , and as security for future loans pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration, and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby mortgage, assign, and warrant to the Government the following property situated in the State of Kansas, County(ies) of _____JOHNSON_____

_____:

Lot 6, Block 2, DEMEADOWS 1ST PLAT, a subdivision in the City of DeSoto, Johnson County, Kansas.

VOL **3884** PAGE **219**



together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

vol. 3884 page 220



(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees. court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred. or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower. and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights inchoate or consummate, of descent, dower and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for its sale or rental, or will otherwise make unavailable or deny said property, to anyone because of race, color, religion, sex, handicap, familial status, age, national origin and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on said property relating to race, color, religion sex, handicap, familial status, age or national origin.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.



(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Topeka, Kansas 66683, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____31st_____ day

of ___March_____ , 19 93 .

_____ (SEAL)
Gregory L. Scharff

_____ (SEAL)

STATE OF KANSAS
}ss:
COUNTY OF __Johnson___

**ACKNOWLEDGMENT**

On this _____31st_____ day of ___March_____ A.D., 19 93 , before me _____

__Beverly A. McMillian, Notary Public_____
(insert title of officer taking acknowledgment)
_____ personally appeared

__Gregory L. Scharff, a single person____ and _____

to me known to be the identical person(s) named in and who executed the foregoing instrument and acknowledged that

he _____ executed the same as _____his_____ voluntary act and deed.

_____
(SEAL)                          Beverly A. McMillian          Notary Public.

My appointment expires __11/29/93__

## Exhibit C

**Assumption Agreement**

**FORM APPROVED**
**OMB No. 0575-0086**

| | |
|---|---|
| **USDA-FmHA**<br>**Form FmHA 1965-15**<br>**(Rev. 6-90)** | Type of Loan __46–12–02__<br>☒ Sec. 502   ☐ Non Program   ☐ Sec. 504 |

**ASSUMPTION AGREEMENT**
**Single-Family Housing Loan(s)**

Case Number:
1 8 0 4 6

This Agreement dated __NOVEMBER 12__ , 19 __93__ is between the United States of America, acting through the Farmers Home Administration (herein called the Government), and __CHARLES M. CLARK, A SINGLE PERSON__

(herein called Borrower), whose mailing address is __33342 W. 87TH ST., DESOTO, KANSAS 66018__ .

The Government is the holder of debt instrument(s) secured by the following described security instrument(s) executed by __GREGORY L. SCHARFF__

Case Number __18-46-__
__JOHNSON__ , on real property described therein which is located in _____ County, State of __KANSAS__ :

| Type Instrument | Date Executed | Office Where Recorded | Book/Volume/Document Number | Page Number |
|---|---|---|---|---|
| 46–12–02 | 3-31-93 | REGISTER OF DEEDS, JOHNSON COUNTY COURTHOUSE, OLATHE, KANSAS | 3884 | 219 |

In consideration of the assumption of indebtedness as herein provided and the Government's consent to this assumption and related conveyance of the security property, if applicable, it is agreed as follows:

1. Borrower hereby assumes liability for and agrees to pay to the order of the Government at the office of the Farmers Home Administration shown below (or other location as may later be specified) the principal sum of __SEVENTY TWO THOUSAND FOUR HUNDRED TWENTY ONE AND 39/100s__ – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –dollars ($ __72,421.39__ ) plus interest at the rate of __SIX AND ONE HALF__ percent ( __6.5000__ %) per annum, payable in installments as follows:

$ __445.00__ on __DECEMBER 12__ , 19 __93__ , and

$ __445.00__ thereafter on the __12TH__ of each __MONTH__

until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable __THIRTY THREE__ ( __33__ ) years from the date of this Agreement.

2. Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

3. The provisions of the debt instrument(s) hereby assumed shall, except as modified herein, remain in full force and effect, and Borrower hereby assumes the obligations of and agrees to comply with all covenants, agreements, and conditions contained in said instrument(s), as modified herein, as though Borrower had executed them as of the date thereof as principal obligor(s).

4. Provisions of the debt and security instrument(s) which require that the borrower occupy the FmHA-financed dwelling or graduate to another credit source do not apply to assumption on ineligible (Non Program) terms.

5. This Agreement is subject to present regulations of the Farmers Home Administration and to its future regulations which are not consistent with the express provisions hereof.

_(Co-signer)_

**UNITED STATES OF AMERICA**
**FARMERS HOME ADMINISTRATION**

By __Randall D. Campbell__
__RANDALL D. CAMPBELL__

Title __COUNTY SUPERVISOR__

Date __NOVEMBER 12, 1993__

Charles M. Clark
__CHARLES M. CLARK__   _Borrower_

_Borrower_

Former Borrower Released From
Liability __YES__

FmHA County Office Address: __100 N. IGELA ST., STE. 2, PAOLA, KS 66071__

**COPY 2 - COUNTY OFFICE CASE FILE**          _Position 2_          FmHA 1965-15 (Rev. 6-90)

**<u>Exhibit D</u>**

**November 12, 1993, Promissory Note**

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

| TYPE OF LOAN |
|---|
| RH 502 |

| STATE |
|---|
| KANSAS |
| COUNTY |
| JOHNSON |
| CASE NO. |
| 18-46- ███████ |

Date _NOVEMBER 12_____, 19 93.

**FOR VALUE RECEIVED,** the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _100 N. ANGELA_

_STREET, SUITE 2, PAOLA, KANSAS 66071_

THE PRINCIPAL SUM OF _THREE THOUSAND FIVE HUNDRED SEVENTY DOLLARS AND NO/100S - - - - -_

DOLLARS ($ _3,570.00_ ), plus **INTEREST** on the **UNPAID PRINCIPAL** of

_SIX AND ONE HALF_ PERCENT ( _6.5000_ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to _____, 19____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19____, through _____, 19____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in _396_ installments as indicated in the box below:

| |
|---|
| $ _22.00_ on _DECEMBER 12_, 19 _93_, and |
| $ _22.00_ thereafter on the _12TH_ of each _MONTH_ until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** _THIRTY THREE_ ( _33_ ) **YEARS** from the **DATE** of this **NOTE.** The consideration herefor shall support any agreement modifying the foregoing schedule of payments. |

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR Part 3017.

Presentment, protest, and notice are hereby waived.

*Charles M. Clark*                    (SEAL)
CHARLES M. CLARK         *(BORROWER)*

_____              (SEAL)
                         *(CO-BORROWER)*

33342 W. 87TH ST.
_____

DESOTO, KS 66018
_____

_____

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 3,570.00 | 11-12-93 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 3,570.00 | 11-12-93 |

**<u>Exhibit E</u>**

**November 12, 1993, Mortgage**

USDA-FmHA
Form FmHA 427-1 KS
(Rev. 3-90)
25833

**Position 5**

**2322251**



**REAL ESTATE MORTGAGE FOR KANSAS**

THIS MORTGAGE is made and entered into by   <u>CHARLES M. CLARK, A SINGLE PERSON</u>

residing in _____ <u>JOHNSON</u> _____ County, Kansas, whose post office address is

<u>33342 W. 87TH ST., DESOTO</u> _____, Kansas _____ <u>66018</u>

herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," and

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| November 12, 1993 | $ 3,570.00 | 6.500% | November 12, 2026 |
| November 12, 1993 | $ 72,421.39 | 6.500% | November 12, 2026 |

STATE OF KANSAS
COUNTY OF JOHNSON
FILED FOR RECORD

12ᵒᵒ

93 NOV 12 P 12: 54 .6

SARA F. ULLMANN
REGISTER OF DEEDS

REGISTRATION FEE
Amount of indebtedness $_____
Fee $_____
day of _____
Registration No. _____

**NO TAX**

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

And this instrument also secures future advances made to anyone herein called borrower under a note or notes covering loans made or insured under the Consolidated Farm and Rural Development Act of Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration, for the total principal indebtedness of the original future loans and advances subject to the same terms and conditions regarding the assignment of said notes as hereinabove provided, and all references in this instrument to the "note" shall be deemed to include future notes and advances.

NOW, THEREFORE, in consideration of the loan(s) , and as security for future loans pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration, and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein and in any supplementary agreement, Borrower does hereby mortgage, assign, and warrant to the Government the following property situated in the State of Kansas, County(ies) of   JOHNSON

LOT 6, BLOCK 2, DEMEADOWS 1ST PLAT, A SUBDIVISION IN THE CITY OF DESOTO, JOHNSON COUNTY, KANSAS.

VOL **4142** PAGE **229**

FmHA 427-1 KS (Rev. 3-90)

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein all of which are herein called "the property";

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)    To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)    To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)    If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)    Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)    All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)    To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)    To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)    To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)    To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.



(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government–whether once or often–in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights inchoate or consummate, of descent, dower and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for its sale or rental, or will otherwise make unavailable or deny said property, to anyone because of race, color, religion, sex, national origin and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on said property relating to race, color, religion, sex, or national origin.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M

VO:

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Topeka, Kansas   66683, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____12TH_____ day of __NOVEMBER_____ , 19 _93_

_____Charles M. Clark_____ (SEAL)
CHARLES M. CLARK

_____ (SEAL)

STATE OF KANSAS
                    ⎫
                    ⎬ ss:          **ACKNOWLEDGMENT**
COUNTY OF __JOHNSON__   ⎭

On this ___12TH___ day of __NOVEMBER___ A.D., 19 _93_, before me _____

__MARILYN J. COCHRAN_____ personally appeared
*(insert title of officer taking acknowledgment)*

__CHARLES M. CLARK_____ and _____
to me known to be the identical person(s) named in and who executed the foregoing instrument and acknowledged that

__HE_____ executed the same as _____HIS_____ voluntary act and deed.

┌─────────────────────────────┐
│ **MARILYN J. COCHRAN**      │   _Marilyn J. Cochran_____
│ Notary Public - State of Kansas │   MARILYN J. COCHRAN       *Notary Public.*
│ My Appt. Expires _____     │
(SEAL) └─────────────────────────────┘

My appointment expires _____

VOL **4142** PAGE **232**

**<u>Exhibit F</u>**

**Subsidy Repayment Agreement**

PmHA Instruction 1951-I
Exhibit A

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

Subsidy Repayment Agreement

Date of Note 11-12-93 Amount of Note $3,570.00 Date of mortgage 11-12-93

Date of Note 11-12-93 Amount of Note $72,421.39 Date of mortgage 11-12-93

Type of assistance:                              1. Interest credit /X/
                                                 2. Homeownership Assistance
                                                    Program //
Address of Property:   33342 W. 87TH ST.

                       DESOTO, KS 66018

            BORROWER: CHARLES M. CLARK

        CO-BORROWER:


1    This agreement entered into pursuant to 7 CFR 1951-I, between the United
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3    I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received. I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us). I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received. I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.


(9-27-79)  SPECIAL F.

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us).  If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid.  The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

   (a)  Unpaid balance of loans secured by a prior mortgage as well as
   real estate taxes and assessments levied against the property which
   are due will be paid.

   (b)  Unpaid principal and interest owed on FmHA RH loans for the
   property and advances made by FmHA which were not subsidy and are
   still due and payable will be paid to the Government.

   (c)  I (we) will receive from the sale proceeds actual expenses
   incurred by me (us) necessary to sell the property.  These may include
   sales commissions or advertising cost, appraisal fees, legal and
   related costs such as deed preparation and transfer taxes.  Expenses
   incurred by me (us) in preparing the property for sale are not allowed
   unless authorized by the Government prior to incurring such expenses.
   Such expenses will be authorized only when FmHA determines such expenses
   are necessary to sell the property, or will likely result in a return
   greater than the expense being incurred.

   (d)  I (we) will receive the amount of principal paid off on the
   loan calculated at the promissory note interest rate.

   (e)  Any principal reduction attributed to subsidized interest
   calculations will be paid to the Government.

   (f)  I (we) will receive my original equity which is the difference
   between the market value of the security, as determined by the
   FmHA appraisal at the time the first loan subject to recapture of
   subsidy was made, and the amount of the FmHA loan(s) and any
   prior lien.  This amount is _____0.00_____ and represents
   _____0.0000_____ percent of the market value of the security.  (The

FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.) The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g) The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation. The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 40 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h) I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above. I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i) If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent. In such cases it will be determined based
on the average interest rate paid by me (us).

(j) If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:  N A      . This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt. This percentage will be entered at the time I (we) sign this
agreement.

(k) If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7    When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.

_Charles M. Clark_ Borrower
CHARLES M. CLARK                     .
_____ Co-Borrower

NOVEMBER 12, 1993
         Date signed

Accepted and Agreed to
By _Randall D. Campbell_ (FmHA Official)
     RANDALL D. CAMPBELL
     COUNTY SUPERVISOR          (Title)

     NOVEMBER 12, 1993
              Date

oOo